ROLAND L. BELSOME, Judge.
| ¶ This appeal arises from the trial court’s grant of summary judgment in favor of United Automobile Insurance Company (United) and the dismissal of Monica Rios’ claims with prejudice. For the reasons that follow, we affirm the trial court’s judgment.
Monica Rios alleges that she was injured while she was a passenger in a vehicle that was rear ended in New Orleans, Louisiana. The vehicle Ms. Rios occupied was owned and operated by Eddy Reyes, a Mississippi resident. The vehicle that struck Mr. Reyes’ vehicle was driven by Terrell Pierce and owned by Dewanda Labran. Subsequent to the accident, Ms. Rios filed suit naming Terrell Pierce, De-wanda Labran, Gramercy Insurance Company (Gramercy), and United as defendants.
Gramercy was the alleged insurer of Dewanda Labran’s vehicle. Gramercy filed a motion for summary judgment asserting that Terrell Pierce was a named excluded driver on Dewanda Labran’s policy, and Dewanda Labran’s policy of insurance was cancelled for non-payment prior to the accident. Gramercy was granted summary judgment and dismissed from the lawsuit.
l2Ms. Rios had asserted a claim for uninsured/underinsured motorist (UM) coverage under Mr. Reyes’ insurance policy issued by United. In response, United filed a motion for summary judgment seeking dismissal from the suit on the grounds that Mr. Reyes had rejected UM coverage. In *858 support of its motion for summary judgment, United presented the policy of insurance issued to Mr. Reyes with the signed and dated UM coverage rejection form. The trial court granted summary judgment in favor of United, and Ms. Rios appealed.
On appeal, Ms. Rios contends that the trial court erred by: 1) applying Mississippi law instead of Louisiana law to United’s motion for summary judgment; 2) granting United’s motion for summary judgment even though United failed to meet its burden for summary judgment under Louisiana law; 3) granting United’s motion for summary judgment even though United failed to meets its burden for summary judgment under Mississippi law; and 4) finding that the relevant UM selection form was valid.
Although styled as four separate assignments of error, the sole issue before this Court is whether United produced a valid UM rejection form associated with Mr. Reyes’ policy of insurance. Ms. Rios first argues that the UM waiver form presented by United does not comply with the requirements set forth by Louisiana law.[1] At the time of the accident, Mr. Reyes resided in Mississippi; his vehicle was registered in Mississippi, and his vehicle was covered by an automobile policy of insurance obtained in Mississippi. Therefore, United maintains that the UM rejection form has to meet the requirements set forth by Mississippi law.
lain Champagne v. Ward, the Louisiana Supreme Court addressed the issue of choice-of-law for insurance contracts issued in a foreign jurisdiction.[2] The facts of Champagne are similar to the instant case; an automobile accident occurred in New Orleans, Louisiana, Mr. Champagne was a resident of Mississippi, his vehicle was registered in Mississippi, and the vehicle was covered by a policy of insurance obtained in Mississippi.[3] Mr. Champagne sought to have Louisiana law applied to the interpretation of his UM coverage. Prior to the Champagne decision, the circuits were split on whether Louisiana law automatically applied to foreign insurance policies or whether a choice-of-law analysis must be conducted to make that determination.[4] The Champagne Court held that even though an accident occurs in Louisiana and involves a Louisiana resident, courts must conduct a choice-of-law analysis to determine what state’s law applies.[5] The Court ultimately concluded that Mississippi law applied in that case.[6]
The applicable choice-of-law rules are contained in La. C.C. arts. 3515 and 3537. The purpose of the choice-of-law provisions is to identify “the state whose policies would be most seriously impaired if its law were not applied to that issue.”[7] Article 3515 sets forth the general and residual rule for the choice-of-law, |4while article 3537 applies specifically to conventional obligations. Article 3537 provides:
Except as otherwise provided in this Title, an issue of conventional obli *859 gations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (8) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multi-state commercial intercourse, and of protecting one party from undue imposition by the other.
In the instant case, there is no true conflict of policies. Both Louisiana and Mississippi favor UM motorist coverage and require a signed rejection form to prove that the coverage was declined. At issue in this case is the formalities required for the UM rejection form to be valid. Clearly, “Mississippi has an interest in the regulation of its insurance industry and in the contractual obligations that are inherent parts thereof. The integrity of the contract is a substantial and real interest.”[8] For these reasons, we find that Mississippi’s laws regarding insurance contracts should be applied in this case.
Ms. Rios does not dispute that the UM rejection form meets the criteria set forth by Mississippi law.[9] Instead, she maintains that United failed to meet its burden of proving that there was a knowing and intelligent waiver of the coverage. |fiCiting to Honeycutt v. Coleman,[10] Ms. Rios argues that, in order for United to prevail on its motion for summary judgment, United had the burden of proving that the execution of the rejection form was knowing and intelligent. Ms. Rios has misinterpreted the Honeycutt opinion.
' In Honeycutt, the Honeycutts (the insureds) asserted a claim of -UM coverage against their insurer. The insurer filed a motion for summary judgment supported by a signed UM rejection form. The Ho-neycutts opposed the summary judgment claiming that the waiver of coverage was not given knowingly because the insurance agent failed to explain UM coverage.[11] Under those circumstances, the Honey-cutts’ opposition created a genuine issue of material fact as to the validity of the signed rejection form, and it then became the insurer’s burden to prove that the waiver was knowing and intelligent in order to prevail on summary judgment.
Here, Ms. Rios, who is not the insured and was not privy to the contract, has not presented any evidence to support her assertion that the rejection form was not knowingly and intelligently executed. In this case, there is no genuine issue of material fact as to the validity of the UM rejection form. Accordingly, the trial court’s grant of United Automobile Insurance Company’s motion for summary judgment is affirmed.
AFFIRMED.

. In Louisiana a valid rejection form requires: (1) initialing the selection or rejection of coverage chosen; (2) printing the name of the named insured or legal representative; (3) signing the name of the named insured or legal representative; (4) filling in the policy number; and (5) filling in the date. See Duncan v. U.S.A.A. Ins. Co., 06-363, pp. 11-12 (La. 11/29/06), 950 So.2d 544, 551.

. 03-3211 (La. 1/19/05), 893 So.2d 773.

. Id. 03-3211 at p. 2, 893 So.2d at 775.

. The fourth and fifth circuits applied Louisiana law to the cases, while the first, second, and third circuits relied on a choice-of-law analysis.

. Id., 03-3211 at p. 6, 893 So.2d at 776.

. Id., 03-3211 at p. 27, 893 So.2d at 789.

. La. C.C. art. 3537.

. Champagne, 03-3211 at p. 26, 893 So.2d at 788 (citing Zuviceh v. Nationwide Ins. Co., 00-0773, p. 7 (La.App. 1 Cir. 5/11/01), 786 So.2d 340, 346, writ denied, 01-2141 (La.11/09/01), 801 So.2d 373).

. See Miss.Code Ann. § 83-11-101.

. 120 So.3d 358 (Miss.2013).

.Id at 360.